UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| WILLIAM TRAY CORLEY,<br>PLAINTIFF<br>v | ) | |
| LINEAGE LOGISTICS<br>aka dba Lineage Logistics LLC<br>aka dba Lineage Logistics Services LLC<br>aka dba Lineage Logistics PFS LLC<br>DEFENDANT. | ) | Case No. __________<br><br>Jury Trial Demanded |

COMPLAINT

Comes now Plaintiff WILLIAM TRAY CORLEY, complaining of Defendant above named, and shows unto the Court as follows:

**PARTIES**

1. Plaintiff WILLIAM TRAY CORLEY ("Plaintiff" or "Tray") is a citizen and resident of Georgia, formerly employed by Defendant LINEAGE LOGISTICS at its McDonough 350 Warehouse, 350 King Mill Road, McDonough, Georgia 30523.

2. Defendant LINEAGE LOGISTICS aka dba Lineage Logistics LLC aka dba Lineage Logistics Services LLC and aka dba Lineage Logistics PFS LLC (hereafter "Defendant" or "Lineage Logistics") is a Delaware LLC with its principal office located at 46500 Humboldt Dr, Novi MI 48377, and doing business at its McDonough 350 Warehouse, 350 King Mill Road, McDonough, Georgia 30523.

3. Defendant LINEAGE LOGISTICS may be served through its Registered Agent Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners GA 30092.

## JURISDICTION

4. Plaintiff WILLIAM TRAY CORLEY brings this action to vindicate his rights not to be retaliated against or discriminated against in his employment for opposing employment practice which is unlawful under the FMLA (Family Medical Leave Act) and ADA (Americans with Disabilities Act), for exercising his rights under the FMLA and ADA to be accommodated by being provided with intermittent leave for cancer treatment and follow-up, and not to be terminated because of such retaliation or discrimination.
5. Jurisdiction over Defendant is proper insofar as the actions complained of occurred in Georgia, because Defendant Lineage Logistics employed Tray in Georgia, and because the federal statutes sued upon (FMLA and ADA) provide federal question jurisdiction pursuant to 28 U.S.C. 1331.

## FACTS

6. Tray was employed at Lineage Logistics as an Assistant Facilities Maintenance Manager at Linear Logistics' McDonough 350 Warehouse located at 350 King Mill Rd, McDonough GA 30523.
7. According to Google, Linear Logistics has approximately 26,000 employees globally, and operates over 480 warehouses in 18 countries with facilities in North America, Europe, and Asia Pacific, including 16,000 team members in the US.
8. By letter dated 2/6/2025, Linear Logistics wrote to Tray that "This letter is to inform you that we have processed your separation from Lineage Logistics as of 02/06/2025." (Ex A – termination letter).
9. According to Georgia Department of Labor, Linear Logistics fired Tray with "no specific reason [being] given," and never having been "warned about [his] work not being acceptable,"

and never having been given any "opportunity to improve [his] work." (Ex B – Dept of Labor Claims Examiner's Determination).

10. Prior to his termination, Tray had advised HR at Linear Logistics that he did not believe it was legal for the Company to penalize employees with "points" whenever the employee used sick leave.

11. The Company never provided any exception to the "points" penalty even if an employee was using FMLA sick leave or was using sick leave because of a disability protected under the ADA.

12. After Tray brought the matter to the attention of the Company, they indicated they would stop giving out "points" whenever the employee used sick leave.

13. Also prior to his termination on 2 occasions, Tray had requested FMLA leave, specifically intermittent leave, to receive medical treatment and follow-up for cancer. (Ex C FMLA forms).

14. On the FMLA "Certification of Health Care Provided" form WH-380-E completed by one of Tray's doctors on January 17, 2025, dates listed for necessary intermittent leave included January 15 and 20, 2025, February 27, 2025, and July 2, 2025. (Ex C FMLA forms).

15. Another FMLA form had been provided earlier to Lineage Logistics by another of Tray's doctors. (Ex C FMLA forms).

16. Instead of providing the intermittent leave required for his cancer treatment and follow-up, however, Lineage Logistics wrote to Tray in their letter dated 2/6/2025 - only 3 weeks after his doctor completed the FMLA form - that "This letter is to inform you that we have processed your separation from Lineage Logistics as of 02/06/2025."

17. Also, after Tray's termination, he heard that Linear Logistics held a meeting and told employees that the Company was going back to their old policy of giving "points" to employees anytime they used their sick leave.

18. Defendant Linear Logistics lacked any legal legitimate, non-retaliatory, and non-discriminatory reason for Tray's termination.

19. Defendant Linear Logistics retaliated against Tray for opposing their "points" policy and practice at the Company's McDonough 350 Warehouse which is not legal under the FMLA or the ADA.

20. Defendant Linear Logistics discriminated against Tray and interfered with Tray's rights under the FMLA, and discriminated against him under the ADA by failing to accommodate his disability, record of disability, and/or perceived disability, by never approving or granting him the required intermittent leave for cancer treatment and follow-up.

21. Defendant Linear Logistics retaliated and discriminated against Tray by firing him in violation of his rights under the FMLA and the ADA.

22. Defendant Linear Logistic's actions have caused Tray pecuniary and financial harm and damage, personal and emotional harm and distress, and entitle him to compensatory and punitive damages from Defendant to redress that harm and damage.

**Count I – FMLA**
**(retaliation – interference – discrimination)**

23. The allegations of Paragraphs 1-22 above are re-alleged as if fully set forth in this Count I.

24. Tray is an eligible employee under FMLA having worked at least 12 months with Linear Logistics LLC for at least 1250 hours of service during his last 12 months of employment.

25. Linear Logistics is a covered employer under FMLA being engaged in commerce and employing 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

26. The unlawful actions of Defendant set forth above violate FMLA in that they constitute retaliation, interference with exercise of FMLA rights, and discrimination in termination against Plaintiff William Tray Corley.

27. The unlawful actions of Defendant set forth above entitle Plaintiff William Tray Corley to the relief requested hereinbelow under FMLA 29 USC § 2601 *et seq*.

**Count II – ADA**
**(retaliation– discrimination)**

28. The allegations of Paragraphs 1-22 above are re-alleged as if fully set forth in this Count II.

29. Plaintiff has fulfilled the requirement of filing a charge of discrimination in the respects set forth above with the EEOC. (Ex D hereto).

30. The EEOC has issued a Notice of Right to Sue in this matter. (Ex E hereto).

31. Defendant Linear Logistics is an employer covered by the ADA being engaged in commerce and employing 15 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

32. Defendant Linear Logistics is an employer subject to awards of up to $300,000 in compensatory and punitive damages as an employer with more than 500 employees.

33. The unlawful actions of Defendant set forth above constitute retaliation, failure to accommodate, and and discrimination in termination against Plaintiff William Tray Corley in violation of the ADA

34. The unlawful actions of Defendant set forth above entitle Plaintiff William Tray Corley to the relief requested hereinbelow under ADA 42 USC § 12112 *et seq.*

**WHEREFORE**, having pled his Complaint against Defendant Linear Logistics, Plaintiff William Tray Corley requests trial by jury and entry of judgment against Defendants including:

a) Backpay to Plaintiff from the date of termination / layoff through the date of verdict;

b) Front pay for the number of years which Plaintiff intended (prior to the unlawful discrimination) to continue in Defendant's employ;

c) Compensatory damages including future pecuniary and non-pecuniary losses, suffering, mental anguish, inconvenience, and loss of enjoyment of life;

d) Pre-judgment interest;

e) Post-judgment interest;

f) Punitive and exemplary damages against Defendant in the amounts as determined by the jury having been apprised of the facts of the case;

g) Attorney's fees and expenses of litigation;

h) Such other and further relief as the Court deems just and proper.

Respectfully submitted:

Attorney for Plaintiff

/s/ Walter J. Kruger III

Walter J. Kruger III
Ga Bar 429926
*kruger.3@gmail.com*
LAW OFFICES of WALTER KRUGER
616 Ridgecrest Rd NE
Atlanta, Georgia 30307
770-842-9053

## VERIFICATION

I, undersigned William Tray Corley, hereby verify that the information set forth in the foregoing Complaint is true and correct to the best of my knowledge and information, under penalty of perjury as prescribed by the laws of the United States. 28 USC §1746.

May 4, 2025

William Tray Corley